UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RUTH REITER,

        Plaintiff,

v.                                                                                               Case No. 09-C-239

OSHKOSH CORP., et al.,

        Defendants.

## ORDER

Plaintiff Ruth Reiter, an employee of Defendant Oshkosh Corporation, filed various claims against the company and three of its employees. This Court granted summary judgment to all Defendants on July 22, 2010. Following entry of judgment, Plaintiff moved for reconsideration pursuant to Fed. R. Civ. P. 59. In her motion, she asserts that this Court erred in granting summary judgment to the Defendants because there are genuine issues of material fact about whether Defendant Weisjohn had started the rumors about which she complained; whether he had been stalking her; and whether the rumors had been heard outside of the workplace. (Dkt. # 76 at 21.) She also raises other arguments.

As the Defendants note, a motion for reconsideration is not a substitute for an appeal, and neither is it an opportunity to rehash arguments or facts already considered. Of course district courts want to reach the correct conclusion in every case, and in some cases a post-judgment motion is useful in pointing out an overlooked case or a missed material fact. But here, Reiter essentially seeks to re-litigate the entire summary judgment motion and introduce new facts. She suggests that

there are factual disputes that preclude summary judgment, but she failed to file any proposed findings of fact at the summary judgment stage or object to the Defendants' own proposed findings. In addition, the cases she now cites are of little applicability in a case like this one, where the "rumors" about which the Plaintiff complains were based on a co-worker's exaggerations of sexual exploits rather than, say, pervasive racial epithets. More to the point, there is nothing new within the motion that suggests this Court erred in the reaching the result it did. In granting summary judgment to the Defendants on the hostile work environment claim, I relied on a number of independent reasons, and Reiter fails to address many of these in her motion. Moreover, none of her present arguments suggest that any of her other claims deserve reconsideration.

Ultimately, Reiter's motion for reconsideration does not present the sorts of arguments a court would normally consider appropriate grounds for reconsideration, as they largely echo the arguments presented at summary judgment or seek to add new arguments into the mix that could have been made earlier. Even if they were appropriately considered, however, Plaintiff does not convince me that entry of summary judgment was error. Accordingly, the motion for reconsideration is **DENIED**.

**SO ORDERED** this   19th   day of October, 2010.

                                                    s/ William C. Griesbach  
                                                  William C. Griesbach  
                                                  United States District Judge